IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:24-cr-216-ECM |
| | )             [WO] |
| TERRELL EDWARDS | ) |
| DONTAVIA BARROW | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Terrell Edwards' unopposed motion to continue trial (doc. 598) filed on April 8, 2025. Jury selection and trial are presently set on the term of court commencing on April 28, 2025. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh

the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant argues that additional time is needed to gather evidence in this drug conspiracy case in which fifteen defendants have been charged. (Doc. 598 at 1). Defense counsel represents that neither the Government nor his codefendant Dontavia Barrow[1] oppose a continuance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and these Defendants in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motion to continue (doc. 598) is GRANTED as to Defendants Terrell Edwards and Dontavia Barrow, and jury selection and trial are CONTINUED from April 28, 2025, to the criminal term of court set to commence on **July 14, 2025, at 10:00 a.m.** in **Dothan**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

---

[1] The remaining codefendants have either pleaded guilty and are awaiting sentencing, or have filed notices of intent to change their plea to guilty.

DONE this 9th day of April, 2025.

                                            /s/ Emily C. Marks  
                                  EMILY C. MARKS  
                                  CHIEF UNITED STATES DISTRICT JUDGE