IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:24-cr-216-ECM |
| | )          [WO] |
| DONTAVIA BARROW | ) |
| TERRELL EDWARDS | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Government's unopposed motion to continue trial. (Doc. 684). Jury selection and trial are presently set on the term of court commencing on July 7, 2025. The Court held a status conference on June 5, 2025, during which the motion to continue was discussed. For the reasons stated on the record at the status conference and those set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(3) and (h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from the . . . unavailability of . . . an essential witness," *id.* § 3161(h)(3)(A), and delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

The Government represents to the Court that there is a conflict with the July 7, 2025 trial setting because one of its essential witnesses, a forensic chemist, is unavailable to testify that week. Counsel confirmed at the status conference that the parties and their witnesses, including the forensic chemist, are available for the July 28, 2025 trial setting. After careful consideration, the Court finds that a continuance of the trial is necessary to accommodate the parties and their witnesses, and that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the Government's motion to continue (doc. 684) is GRANTED as to both Defendants, and jury selection and trial are CONTINUED from July 7, 2025, to the criminal term of court set to commence on **July 28, 2025 at 10:00 a.m.** in **Dothan**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

      The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

      DONE this 6th day of June, 2025.

                                   /s/ Emily C. Marks  
                          EMILY C. MARKS  
                          CHIEF UNITED STATES DISTRICT JUDGE